UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEE LUCAS (#338382)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 12-791-JWD-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 17, 2015.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEE LUCAS (#338382)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 12-791-JWD-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Plaintiff's Motion for Preliminary Injunction. Record document number 67. No opposition or other response has been filed.

For the reasons which follow, the motion should be denied.

### I. Factual Background

Pro se plaintiff, an inmate confined at the David Wayne Correctional Center ("DWCC"), filed this motion seeking preliminary injunctive relief against DWCC Warden Jerry Goodwin. Plaintiff claims that on April 30, 2015 "Warden Goodwin entered plaintiff's cell and assaulted plaintiff, after plaintiff's refusal to discontinue the civil litigation pending before this court." Plaintiff contended that Warden Goodwin's acted in retaliation to impeded the plaintiff "from exercising his rights to petition and grievance." Plaintiff sought an injunction against the warden and others acting on his behalf prohibiting them from entering his cell and harassing, assaulting or retaliating against him.

## II. Applicable Law and Analysis

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act, preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

First, the plaintiff's underlying claims against Warden Goodwin arise from actions he allegedly took years ago. Those claims involve the plaintiff's transfer to DWCC, deprivation/ confiscation of his personal property and freezing his inmate bank account - which all occurred in 2011 and January 2012. The injunctive relief sought by the plaintiff has no factual relationship to his claims against Warden Goodwin.

Any harm which may come to the plaintiff is likely to not be irreparable. As noted already, the April 30 incident is not part of his pending claims against Warden Goodwin. The public interest

2

in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.  Moreover, the injunctive relief sought would constitute an unwarranted intrusion on the warden's responsibility for maintaining order and security at the prison because it would prohibit, or at least inhibit, him and other correctional officers from entering the plaintiff's cell. Granting such relief would result in the court becoming unnecessarily involved in the day-to-day operation of the prison, at least insofar as the plaintiff is involved.  Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion for Preliminary Injunction be denied.

Baton Rouge, Louisiana, June 17, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE